Welsh, J.
The defendant and third-party plaintiffs contend on appeal that the judge erred in denying a motion for relief from judgment. There was no error.
The action was a claim for premiums allegedly due on insurance policies. Among the defenses asserted were deceit, misrepresentation, and unfair or deceptive acts or practices under G.L.c. 93A.
After a lengthy settlement conference on the date assigned for trial, at which conference the parties were represented by counsel, an agreement for judgment *113 was arrived at and executed by the parties. The parties had agreed that the agreement for judgment was to be held and not entered “to allow certain audits to be conducted which involved the third-party [defendant].” Approximately six months later plaintiff filed a motion to compel defendant to file the agreement for judgment. The court allowed that motion and denied defendants’ motion for relief from judgment.
Essentially, appellant claims that the agreement for judgment was subject to certain conditions precedent, namely, that certain audits of other premium accounts be done concerning the third-party defendants. The judge disagreed with the contention and denied the motion for relief from judgment.
The agreement for judgment itself did not reflect any condition precedent, except that judgment was not to enter until May 11, 1994. Although the docket made reference to the allowance of certain audits as to other premiums with respect to the third-party defendants, there was nothing in the record which suggests that the finality of the judgment was to be affected by the outcome of any such audits. We view that any understanding as to audits of other premiums not directly in issue in this action as wholly collateral to and not a condition of such agreement for judgment.
The basis for analysis for a request to set aside an agreement for judgment is Rule 60(b)(6), Dist./Mun. Cts. R. Civ. R This case is governed by the principles reiterated in Quaranto v. DiCarlo, 38 Mass. App. Ct. 411 (1995). In that case the Appeal Court reversed the allowance by the trial judge of a motion for relief from judgment which sought to set aside an agreement for judgment entered into by the parties. As in the present case, there was no reference in the language of the agreement for judgment of any external understanding. Id. at 412. Using as its point of departure the case of Thibbitts v. Crowley, 405 Mass. 222, 226-229 (1989), the court stated that if a court may not relieve parties of a consent judgment that delineates the terms of settlement, then a fortiorari there is even less of a reason to grant relief from judgment based on an alleged failure to perform some collateral but extrinsic agreement not mentioned in the agreement for judgment.
This is so for the simplest of reasons: the extrinsic agreement is not part of the judgment which anyone examining the docket or documents in the case would find ... Parties to the litigation and third parties who rely on the outcome of the litigation are entitled to think of the issues in controversy closed... and to act accordingly. Id. at 413.
The judge clearly did not err in refusing to set aside the judgment: As suggested in the Quamnto case, he might well have erred had he followed the opposite course.
Appeal dismissed.
So ordered.